UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THEON HANSON,<br><br>                    Plaintiff,<br><br>     v.<br><br>WASHINGTON STATE PATROL, et al.,<br><br>                    Defendants. | NO: 13-CV-0166-TOR<br><br>ORDER GRANTING DEFENDANT WASHINGTON STATE PATROL'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant Washington State Patrol's Motion for Summary Judgment (ECF No. 26). This matter was submitted for consideration without oral argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

## BACKGROUND

Plaintiff Theon Hanson alleges claims against Defendant Washington State Patrol ("WSP") including vicarious liability under 42 U.S.C. § 1983 for ratifying the Defendant officers' alleged unconstitutional conduct. ECF No. 1 at 2.

ORDER GRANTING DEFENDANT WASHINGTON STATE PATROL'S MOTION FOR SUMMARY JUDGMENT ~ 1

Presently before the Court is Defendant Washington State Patrol's motion for summary judgment seeking dismissal from this lawsuit under the doctrine of Eleventh Amendment immunity. ECF No. 26.

DISCUSSION

**A. Standard of Review**

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. Further, a material fact is "genuine" only where the evidence is such that a reasonable jury could find in

ORDER GRANTING DEFENDANT WASHINGTON STATE PATROL'S MOTION FOR SUMMARY JUDGMENT ~ 2

favor of the non-moving party. *Id.* The court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

**B. Eleventh Amendment Immunity**

The Eleventh Amendment generally bars a plaintiff from bringing suit against a state in federal court. *See* U.S. Const. Amend. XI; *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). There are two established exceptions to Eleventh Amendment immunity, namely: (1) legislative abrogation of immunity by express congressional intent under its Fourteenth Amendment powers, and (2) waiver of immunity by the state itself. *See Pennhurst State School v. Halderman*, 465 U.S. 89, 99 (1984).

Defendant WSP argues that it is a state agency and is therefore entitled to immunity under the Eleventh Amendment. ECF No. 26 at 2-3. Plaintiff responds that Washington State has waived sovereign immunity pursuant to Wash. Rev. Code § 4.92.090 which provides "[t]he state of Washington, whether acting in its governmental or proprietary capacity, shall be liable for damages arising out of its tortious conduct to the same extent as if it were a private person or corporation." ECF No. 31 at 3-4 (citing Wash. Rev. Code § 4.92.090).

As an initial matter, it is well settled that states and state agencies are not susceptible to suits under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State*

*Police*, 491 U.S. 58, 71 (1989)(holding neither a State nor its officials acting in their official capacities are "persons" under § 1983); *Maldonado v. Harris*, 370, F.3d 945, 951 (9th Cir. 2004)(state agency not amenable to suit under § 1983). Defendant WSP is an agency of the State of Washington and is therefore not a "person" susceptible to suit under § 1983. *See* Wash. Rev. Code § 43.43.010. Moreover, as emphasized by Defendant WSP, the Eleventh Amendment bars suits against a state unless the state has specifically waived immunity. *See Will*, 491 U.S. at 66. Contrary to the argument advanced by Plaintiff, the Ninth Circuit and Washington courts have found that "Washington's waiver of immunity in its own courts does not waive its immunity in the federal courts." *McConnell v. Critchlow*, 661 F.2d 116, 117 (9th Cir. 1981)(internal citations omitted); *see also Rains v. State*, 100 Wash.2d 660, 667-68 (1983).

The Court finds that the Eleventh Amendment prohibits the Plaintiff from bringing the instant lawsuit against the WSP as a matter of law. Further, the WSP is not a "person" within the meaning of § 1983, and is therefore not susceptible to a § 1983 suit. For both of these reasons, the Court grants Defendant WSP's motion for summary judgment.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

　　**1.** Defendant Washington State Patrol's Motion for Summary Judgment, ECF No. 26, is **GRANTED**.

**2.** Defendant Washington State Patrol is **DISMISSED** from this action.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** August 26, 2013.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT WASHINGTON STATE PATROL'S MOTION FOR SUMMARY JUDGMENT ~ 5